# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LISA BOWERS and ROBERT BOWERS,**

        **Plaintiffs,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No.  6:03-cv-985-Orl-18JGG**

**UNIVERSAL CITY DEVELOPMENT PARTNERS, LTD., d/b/a UNIVERSAL STUDIOS FLORIDA,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions:

> **MOTION:** **DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS (Docket No. 150)**
>
> **FILED:** April 7, 2005
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

> **MOTION:** **PLAINTIFF'S OBJECTION TO BILL OF COSTS (Docket No. 153)**
>
> **FILED:** April 11, 2005
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

## I. PROCEDURAL HISTORY

On August 24, 2004, the Defendant, Universal City Development Partners, Ltd. ["Universal City"] served settlement offers on the Plaintiffs, Lisa and Robert Bowers, pursuant to Florida's offer of judgment statute. Docket No. 150, Exh. 1, Exh. 2. On March 24, 2005, after a three-day trial, the jury rendered a verdict in favor of Universal City and a judgment was entered in its favor. Docket No. 146; Docket No. 147. On April 7, 2005, Universal City filed a motion for attorney's fees and costs, Docket No. 150, and a proposed bill of costs, Docket No. 151. Universal City relied on the Florida offer of judgment statute to support its claim of entitlement to attorney's fees and to the majority of the costs it sought. Docket No. 150. The clerk taxed the bill of costs the next day, in the amount of $57,773.16. Docket No. 152.

The Honorable G. Kendall Sharp referred the issue of costs and fees to the undersigned on April 8, 2005. On April 11, 2005, the Plaintiffs filed an objection[1] to the bill of costs. Docket No. 153. On April 13, 2005, the Plaintiffs responded to the motion for attorney's fees, Docket No. 154, and on April 14, 2005, they amended their response, Docket No. 156. On May 16, 2005, the Plaintiffs

---

[1] Though not docketed as such, the Court treats the Plaintiffs' objection as a motion for purposes of Fed.R.Civ.P. 54(d)(1).

appealed the judgment and Judge Sharp's denial of their motion for a new trial, Docket No. 158, to the United States Court of Appeals for the Eleventh Circuit.  Docket No. 163.

## II.     THE LAW

### A.     Jurisdiction Pending Appeal

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matters involved in the appeal. *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir. 1981); *see also Silverthorne v. Laird*, 460 F.2d 1175, 1178 (5th Cir. 1972).[2]  The district court does not normally delay the entry of a judgment or extend the time for an appeal in order to tax costs or award attorney's fees. Fed. R. Civ. P. 58.  Nevertheless, the Court has discretion to deny a motion for attorney's fees without prejudice to refile after the appeal has concluded.  *See* Fed.R.Civ.P. 54(d)(governing the procedure for awarding attorney's fees and costs).  The Advisory Committee Notes to Rule 54(d)(2) provide that:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, *or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.*

Advisory Committee Notes to the 1993 amendment to Rule 54(d)(2) (emphasis supplied).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions handed down by the former United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981.

**B.     Taxation of Costs**

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed.R.Civ.P. 54(d)(1).[3] Congress has delineated which costs are recoverable under Rule 54 (d), Fed.R.Civ.P. *See* 28 U.S.C. § 1920;[4] *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 - 42 (1987). When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party. *See Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 n.1 (M.D.Fla. 1989), *declined to follow on other grounds by EEOC v. W&O, Inc.*, 213 F.3d 600 (11th Cir. 2000). The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920. *See Crawford*, 482 U.S. at 440-44. The Court may not

---

[3] Fed.R.Civ.P. 54(d)(1) provides:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

[4] Title 28 U.S.C. § 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.
>
> In response to Fed.R.Civ.P. 54 (d), Congress amended § 1920 to substitute "may" for "shall."

tax as costs any items not included in 28 U.S.C. § 1920. 482 U.S. at 440-44; *see also Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460 (11th Cir. 1996); *Desisto*, 718 F.Supp. at 911.

### C. Florida's offer of judgment statute

In general terms, Florida's offer of judgment statute — Fla.Stat. § 768.79 — provides that a defendant whose settlement offer is not accepted and who later prevails "shall be entitled to recover reasonable costs and attorney's fees." Fla.Stat. § 768.79(1). The United States Court of Appeals for the Eleventh Circuit has held that Fla.Stat. § 768.79 applies when a Florida district court is exercising diversity jurisdiction. *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001) (holding that statutes allowing recovery of attorney's fee are substantive for purposes of *Erie* analysis).

### III. APPLICATION

If the district court were to resolve the fee and cost issue while an appeal remains pending, it would be asked to repeat the procedure following the appeal. This Court prefers to avoid the piecemeal resolution of fee disputes. The resolution of the collateral issues of fees and costs could interfere with the Court of Appeals' consideration of substantive issues, and its immediate resolution is unlikely to assist the Court of Appeals. The record reflects no good cause for the motion for attorney's fees or the objection to the bill of costs to remain pending indefinitely. Lastly, the fee and cost issues are often resolved in appellate mediation. Therefore, Universal City's motion for attorneys' fees and costs, and the Plaintiffs' objection to the bill of costs should be denied without prejudice to refile after resolution of the appeal.

### IV. CONCLUSION

It is **RECOMMENDED** that Defendants' Motion for Attorneys' Fees and Costs [Doc. No. 150] and Plaintiffs' Objection to Bill of Costs [Docket No. 153] be **DENIED** without prejudice to refile within 20 days after entry of a mandate by the Court of Appeals.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida this 19th day of May, 2005.

*[signature]*
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable G. Kendall Sharp
Counsel of Record
Courtroom Deputy